FRANK GODFREY, TRUSTEE FOR THOMAS MET-
CALF, *v.* HELEN ROWLAND, HING CHUNG, J. F.
FRANCIS, KONDO, D. O. HAMMOND, JOSE DO
ESPIRITO SANTO, W. O. SMITH, TRUSTEE, AND
B. J. GALLAGHER.

MOTION FOR REHEARING.

ARGUED FEBRUARY 23, 1905.          DECIDED MARCH 6, 1905.

FREAR, C.J., HARTWELL, J., AND CIRCUIT JUDGE ROBINSON
IN PLACE OF WILDER, J.

REHEARING.

   The court having held that the statutory requirement of a marriage license was directory merely, and that a license was not required for a valid marriage, and also that a conveyance made in 1875 by a life tenant to remaindermen did not affect an intermediate contingent remainder, held: The statutes (sections 1284, 1288 and 1289, C. C., the latter section making children illegiti-

mate when their parents were not legally married), had not been overlooked by the court and the arguments of the defendant Rowland on the above matters, as well as upon certain instructions ruled upon by the court, had not been overlooked or misconceived, and that a rehearing is denied.

## STATEMENT OF THE MOTION.

The court having held (*ante,* p. 377) that instructions numbered 7, 8 and 9, given at the defendants' request, were erroneous and that therefore the verdict should be set aside as to defendant Rowland and a new trial ordered, and having further expressed its opinion that instructions numbered 13, 14 and 16, given at the defendants' request, were erroneous, and having overruled the defendants' contention that a conveyance made in 1875 by Metcalf, life tenant under a will to Julia Prosser, Helen Rowland and W. G. Rowland, trustee for the remaindermen, "operated to destroy the contingent estate of any children of Frank Metcalf and that defendant Helen Rowland must have judgment in any event," the defendant Rowland now "moves for a rehearing upon the ground that certain questions decisive of the case and duly submitted by counsel were overlooked by the court and upon the ground that certain parts of said decision are in conflict with express statutes of the Territory of Hawaii. Said grounds are more particularly the following:

"1. That the court overlooked the point duly made by defendant that defendant's instruction No. 7 was correct as applied to the above cause because of sections 1284, 1288 and 1289 of the Civil Code making children illegitimate when their parents were not legally married within the contemplation of article 53 of said Civil Code and that the ruling that said instruction was erroneous was in conflict with said statutes.

"2. That the ruling that said instruction No. 7 was erroneous even as to that part relating to the finding of a license overlooked the argument above mentioned and was in conflict with the aforesaid statutes.

"3. That in deciding that defendant's instructions Nos. 8 and 9 were erroneous the court overlooked the aforesaid argu-

ments and also the provisions of section 767 of the Civil Code as well as the arguments in regard to said instructions on pages 10 and 11 of defendant's brief.

"4. That in deciding that defendant's instructions Nos. 13, 14 and 16 were erroneous as allowing a consideration of probabilities and proof of the adultery of the mother, the court overlooked defendant's argument on pages 13-15 of defendant's brief to the effect that the circumstances mentioned in said instructions could be considered in deciding whether there was a showing of non access, although taken alone each circumstance might have little or no weight.

"5. That in deciding that the adultery of the mother could not be shown the court overlooked the fact that there was evidence tending to show that the alleged husband and wife were not living together at the time of such adultery which point was duly made by defendant.

"6. That in deciding that the trial judge erred in excluding the marriage license offered by plaintiff in rebuttal the court overlooked the argument of defendant that the proof of a marriage was part of plaintiff's main case and that the admission of the rebuttal evidence offered was a matter in the sound discretion of the trial judge.

"7. That in deciding that defendant's instructions as to marriage and legitimacy were vague and misleading the court overlooked the argument repeatedly made by the defendant that those instructions or at least some of them stated correct law and that their vagueness, if any, could have and should have been cured by counter instructions from the plaintiff and that it was not defendant's duty to so cure them.

"8. That in deciding on the effect of the deed offered by defendants and marked Defendants' Exhibit 1 the court overlooked and wholly misconceived defendant's argument in regard thereto, i. e. the court decided that a deed of bargain and sale passed no greater title than the grantor had to convey and could not bar contingent remainders; whereas defendant's argument admitted that said deed, as far as Frank Metcalf was concerned, only passed his life estate, but argued that the effect of said deed was to unite said life estate with the next vested estates in the property, either as a whole or *pro tanto,* and that by reason of such merger the intervening contingent remainders, which were not estates, were squeezed out either as a whole or in part.

"Defendant submits that while this petition may not affect the ordering of a new trial, even if sustained, nevertheless each issue decided has become a part of the law of the case and can only be reversed now if at all."

OPINION OF THE COURT BY HARTWELL, J.

The court held that the statutory provisions concerning marriage referred to in the defendant's motion were mandatory, except that relating to a license, which it held to be directory. This necessarily meant, and it was after due deliberation intended to mean, that persons could be "legally married in contemplation of this article" (sections 1875, C. L., 1289, C. C.) who had not a marriage license. Distinction is made between those things which the statute declares shall be *necessary* "in order to make valid the marriage contract," and the provision that "it shall in no case be lawful for any person to marry without a license," between a legal or valid marriage and one which is not in conformity with directory requirements of the statute.

As to the conveyance by the life tenant the court held that it "operated upon his life estate only and did not affect the contingent remainder in any child which he might lawfully have begotten." Whether the deed would not at common law result in a merger of the life estate with the vested remainder is immaterial, since at the date of the deed the common law was not in force in Hawaii, and the opinion of the court that the deed did not affect the intermediate contingent remainder would not be modified by any reconsideration of the common law upon the subject.

The defendant's arguments upon the other matters referred to in her motion, although not sustained, were in no manner overlooked or misconceived, nor did the court overlook the fact alleged in the fifth ground of the motion.

The motion is denied.

*A. G. M. Robertson* and *Thompson & Clemons* for plaintiff.

*Kinney, McClanahan & Cooper* and *S. H. Derby* for defendant Rowland.